COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ABATEMENT ORDER

Appellate case name:     Daniel Sherman Brown v. The State of Texas

Appellate case numbers:  01-15-00291-CR; 01-15-292-CR; 01-15-00293-CR

Trial court case numbers: 1414895,  1422157; 1422158

Trial court:             183rd District Court of Harris County

Appellant's brief was originally due on September 30, 2015.  Two extensions were granted until December 4, 2015.  No brief was filed.  On December 23, 2015, notice issued that the brief was late and gave appointed counsel ten days to respond.  No response was received.

When an appellant in a criminal case fails to file a brief, Rule 38.8(b)(4) requires the appellate court to issue an order, directing the trial court to hold a hearing and make certain findings.  TEX. R. APP. P. 38.3(b)(2)-(3).  If the trial court finds that appellant no longer desires to prosecute the appeal, or that appellant is not indigent, but has not made the necessary arrangements for filing a brief, the appellant court may consider the appeal without briefs.  *Id.* at 38.8(b)(4).

Accordingly, we abate this appeal and remand the case to the trial court for a hearing at which appellant and appointed counsel, Kelly Ann Smith, shall be present in person. [1]  The court coordinator of the trial court shall set a date for said hearing and notify the parties, including appellant.  We direct the trial court to make appropriate written findings of fact and conclusions of law and to execute any necessary orders on these issues:

1) Whether appellant still wishes to pursue this appeal;
2) If so, whether appointed counsel, Kelly Ann Smith, has abandoned the appeal and other counsel should be appointed; and
3) To set a date certain (in no event to be more than 30 days from the date of the

---

[1]     If appellant is now incarcerated, he may appear by closed video teleconference.  Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant.  On request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

abatement hearing) for appellant to file a brief.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (f); TEX. R. APP. P. 38.8(b).

The trial court's findings and recommendations (separate and apart from any docket sheet notation) and any orders issued pursuant to this hearing shall be included in a supplemental clerk's record and filed in this **Court no later than 30 days from the date of this order**. The trial court shall have a court reporter, or court recorder, record the hearing and file the reporter's record with the Court no later than 30 days from the date of this order. Additionally, if the hearing is conducted by video teleconference, a certified electronic copy of the hearing shall be filed in this Court no later than 30 days from the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and reporter's record of the hearing are filed in this Court.

It is so ORDERED.

Judge's signature: /s/ Rebeca Huddle
                  ☑ Acting individually ☐ Acting for the Court

Date: January 21, 2016